UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **BRUCE ARNOFF,** | ) | CASE NO. 1:22 CV 880 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| **PNC BANK, N.A.,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

This action was originally filed by *pro se* plaintiff Bruce Arnoff in the Cuyahoga County Court of Common Pleas. Plaintiff filed his complaint, labeled as a "fraud and deceptive business practice action," against PNC Bank (PNC). (Doc. No. 1-1.) In his complaint, plaintiff alleges he opened a bank account with PNC as "owner of ATT Security," a sole proprietor," and that PNC negligently allowed multiple fraudulent withdrawals to be made from the account following his arrest in 2018 in connection with the murder of one of his subcontractors. (*Id*. at 4.) He also complains PNC "did nothing to stop the fraud" after he notified it that fraudulent withdrawals had taken place. (*Id*.) He seeks damages for loss of funds ($3,883), pain and suffering ($250,000), and "penalties for negligence and lost income" ($250,000). Liberally construed, plaintiff's complaint alleges claims for fraud and negligence and for restitution under the Victim Restitution Act.

PNC removed the action to federal court on the basis of diversity of citizenship and filed a motion to dismiss it pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 4.) Plaintiff has not opposed the motion.

The motion to dismiss is granted. A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state claim upon which relief can be granted. To survive a dismissal, a complaint "must present 'enough facts to state claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although pleadings and documents filed by *pro se* litigants are "liberally construed" and held to a less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* plaintiffs must still meet basic pleading requirements and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

For the reasons PNC sets forth in its motion, plaintiff's complaint is subject to dismissal and does not contain factual allegations reasonably suggesting a plausible claim upon which he may be granted relief. As PNC demonstrates, plaintiff lacks standing to assert claims on behalf of PNC account holder ATT Security; plaintiff's complaint fails to state a plausible claim against PNC under the Victim Restitution Act (18 U.S.C. § 3663) which allows courts to order a defendant convicted of a crime to pay restitution and which clearly does not apply to PNC; and plaintiff's unclear and conclusory allegations are insufficient to allege the elements required to state plausible claims for fraud or negligence under state tort law.

## Conclusion

Accordingly, PNC's motion to dismiss the plaintiff's complaint (Doc. No. 4) is granted, and this action is dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                               7/1/2022

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE